

**Michael J. Steinle**

May 18, 2021

Brett H. Ludwig, U.S. District Court Judge
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 225
Milwaukee, Wisconsin 53202

    Re:    United States v. Thomas E. Smith
             Case No. 21-CR-96

Dear Judge Ludwig,

Thomas Smith will be sentenced in your Court for submitting fraudulent PPP loan applications for CFA to a financial institution. He requests that the Court sentence him under his guideline range to twelve (12) to eighteen (18) months incarceration.

Thomas Smith does not present a risk to the community or to the public. The Defendant has been successful in his businesses and needs to complete restitution. In order to pay restitution, he needs to keep his business running and continuing to produce profit for them. A sentence within the guideline range will cripple him financially and emotionally. It will most likely put him out of business and into bankruptcy.

As indicated, Thomas Smith was raised in an intact, prosocial home. As his brother indicated, Thomas was always the ambitious one who always wanted the best for those around him. His brother described him as a very smart man with a great work ethic. There are many employees in the businesses that will lose their employment if he is incarcerated for any significant period of time. Thomas Smith worked long and hard hours building the well-known businesses in the community. He has gained respect and trust from the community at large. Thomas Smith was defined by his work and is looked up to by others in his family as well as associates in the community. This one fact was the main factor which placed him in the position to commit these crimes. He had the business acumen.

Once Thomas Smith received his legitimate PPP loan and word got out that he received a substantial amount of money, his brother, Stephen came to him to get him to assist in putting together an application for his expired business.

ATTORNEY – COURT COMMISSIONER
THE RENAISSANCE BUILDING
309 NORTH WATER STREET, SUITE 215, MILWAUKEE, WI 53202
TEL 414-258-6200 | FAX 414-258-8080 | E-MAIL MJS@TSHGLAW.COM

Case 2:20-cr-00196-BHL   Filed 05/18/21   Page 1 of 3   Document 94

It was Tom's business knowledge that Stephen needed to assist him. Once he did it for Stephen, Stephen kept bringing more people for him to assist in the fraudulent applications. It just snowballed and got out of control. The sad part of this case is that he did not need to assist these individuals and get a "cut" of the proceeds as he was financially well off. As Thomas Smith indicated, it was just old-fashioned greed that got the better of him.

"It has been uniform and constant in the Federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). The question is what that means here for a man who has worked tirelessly to achieve so much and involved himself in something very wrong and criminal but is otherwise a decent productive businessman in the Milwaukee community.

Three factors stand foremost in deciding an appropriate sentence for his crimes. First, Thomas Smith came forth immediately and accepted total responsibility and sat down with the government on at least two occasions detailing for them the circumstances of his illegal actions. Second, the total punishment encompasses much more than a term of incarceration. Thomas Smith will be ultimately responsible for the $960,000 in restitution. It is unlikely that the victim will receive much of anything in the way of restitution from the others based upon their financial ability. Thomas Smith understands the "joint and several" law of restitution and will pay all the restitution as required of him. Third, deterrence and just punishment do not require a sentence of longer than twelve (12) to eighteen (18) months.

Thomas Smith agrees with and accepts fully the established factual basis for his plea in this case. The factual basis reflects that he did come forward at a very early stage and did admit to all the facts contained in the PSR and never questioned the government's proof.

Further, the total restitution is $960,000.00. However, the actual loss amount is significantly less as most of the money was not spent, checks not cashed or monies had been frozen by the bank. The exact amount is yet to be determined but estimates are less than $200,000.00. As stated earlier, Thomas Smith will most likely be the one to which the restitution will be responsible for in this matter. The total loss in this matter drove a very high guideline range. The Court should consider actual loss in this matter when sentencing him in this matter.

The PSR does give him a two-point enhancement for obstruction. A strict reading of §2C1.1 does indicate that it is legally appropriate, however he does not believe that the conduct of his speaking with Tarone Woods indicating that we should delete our text messages is a major obstruction of the investigation of this case. The conduct is an example of a less serious form of conduct that the enhancement should not apply under these facts.

As to the criminal history, Tom Smith finds himself in a Category II instead of a Category I for his 2012 Louisiana conviction. Exhibit 1 (attached) indicates that Thomas Smith received a "first offender pardon" under Louisiana law. It was his understanding that such pardon was an expungement of the matter. However, a Defendant who receives a first offender pardon, must also take a second step, and apply for an expungement of the arrest and conviction. Thomas Smith was unaware of the law and never took the second step. Therefore, it is a conviction but should not have been one. It is Counsel's understanding that the first offender pardon does not preclude use of it in a subsequent prosecution or sentencing under Louisiana law. Unfortunately, no one indicated to him the needed second step at the time of sentencing in the matter.

For the reasons explained here, Thomas Smith requests that the Court sentence him to twelve (12) to eighteen (18) months of incarceration followed by a moderate term of supervised release. Restitution should be ordered as contained in the PSR. Having reviewed the conditions of release, Thomas Smith raises no objection at the present to the Court imposing this at this time. He will comply with the same.

Lastly, Thomas Smith requests that this Court allow voluntary surrender after an institution has been designated by the Bureau of Prisons.

On behalf of Thomas Smith, I thank you for your consideration of his sentencing recommendation.

Sincerely,

Electronically Signed By:

MICHAEL J. STEINLE
Attorney at Law
MJS/nmm
*Enclosures*