UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

          Case No. 20-cr-0196-bhl

  v.

THOMAS E. SMITH,

          Defendant.

---

## ORDER DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. §3582(c)(1)(A)(i)

---

      Thomas E. Smith asks the Court to reduce his sentence under the "compassionate release" provisions in 18 U.S.C. §3582(c)(1)(A)(i). (ECF No. 206.) Smith argues he is entitled to release because he has medical conditions that make him susceptible to severe symptoms from COVID-19 infection and due to unique family and community issues. The government opposes defendant's motion, arguing that despite Smith's medical conditions and family circumstances, a sentence reduction would be inappropriate. (ECF No. 208.) Based on the record, the Court will deny Smith's motion and require him to serve the sentence the Court previously imposed.

## BACKGROUND

      Between April and July of 2020, Smith was among the leaders of a group of individuals who schemed to commit fraud in connection with the Paycheck Protection Program (PPP), a form of relief made available under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. The PPP was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. Smith's scheme involved the submission of fraudulent loan applications, under which he and others obtained about $1,000,000 in fraudulent loans, using the names of companies owned by his family, friends and acquaintances. Smith recruited a number of others into the offense activity; many of whom had minimal previous involvement with the criminal justice system but are now all federally convicted felons.

On February 23, 2021, Smith entered a plea of guilty to count two of a 14-count indictment charging him with bank fraud in violation of 18 U.S.C. §1344 and 18 U.S.C. §2. (ECF No. 72.) On June 2, 2021, the Court sentenced Smith to 57 months imprisonment, a sentence at the bottom of the Guidelines' range. (ECF No. 108.) Smith was also ordered to pay $960,000 in restitution to the financial institution he defrauded. (*Id.*)

Smith is currently serving his prison term at FCI Sandstone, a low security institution in Sandstone, Minnesota. On December 12, 2022, Smith filed a *pro se* motion for a reduction in sentence under 18 U.S.C. §3582(c)(1)(A)(i). (ECF No. 206.) He is 49 years old and has an estimated release date in November 2025. (ECF No. 208 at 5.) Smith's medical records, filed under seal, show that he suffers from hypertension, prediabetes, obesity and chronic right shoulder pain. (ECF No. 210.) On December 15, 2022, the Court ordered the government to respond to Smith's motion. (ECF No. 207.) On January 12, 2023, the government filed a brief opposing Smith's motion. (ECF No. 208.) On February 6, 2023, Smith filed a reply brief in support of compassionate release. (ECF No. 212.)

## ANALYSIS

Under 18 U.S.C. §3582(c)(1), a court is generally not allowed to modify a sentence of imprisonment. One of the limited exceptions to this rule is for cases of "compassionate release" under section 3582(c)(1)(A)(i) – a multi-step process. The Court must first determine whether the defendant is eligible under the statute. Before the First Step Act of 2018, a request for compassionate release could only be made by the Bureau of Prisons (BOP). The First Step Act of 2018 amended the statute to permit the court to adjudicate a motion directly from the defendant. The defendant, however, must first present his request for release to the warden and exhaust administrative appeals (if the request is denied) or wait 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Sanford*, 986 F.3d 779, 781-82 (7th Cir. 2021). If this "exhaustion" requirement is satisfied, the Court must then determine whether there are "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence, consistent with the sentencing factors set forth in 18 U.S.C. §3553(a). Additionally, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A). The Sentencing Commission, however, has not issued a policy statement applicable to a compassionate release motion filed by a prisoner. *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020) ("The Guidelines

Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release."). Until the Sentencing Commission updates its policy statement, district courts retain broad discretion in determining what constitutes "extraordinary and compelling reasons" to warrant a sentence reduction. *Id.* at 1180. The defendant bears the burden to demonstrate such "extraordinary and compelling reasons." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

There is no question that Smith has satisfied the statutory pre-motion requirements. The record shows that Smith made a compassionate release request to the warden at FCI Sandstone on November 1, 2022, citing the same the grounds (COVID-19 and family issues). The warden denied his request on November 18, 2022. Indeed the government concedes he properly exhausted his request before the warden and thus is eligible to seek compassionate release. (ECF No. 208 at 11.) Accordingly, the only issue is whether Smith has shown a basis for relief on the merits of his invocation of the statute.

A. **Smith Has Not Shown Extraordinary and Compelling Reasons Sufficient to Warrant a Reduction in his Sentence.**

Smith's primary argument for compassionate release is based on COVID-19. Smith states, under penalty of perjury, that he contracted COVID-19 on or about April 20, 2021 and is suffering long-term effects from that infection. (ECF No. 206 at 2.) Smith also claims he has high blood pressure/hypertension and is obese. He notes that the Centers for Disease Control and Prevention (CDC) has noted that obesity can make it more likely to get very sick from COVID-19.[1] None of these facts is sufficient to warrant a reduction in his sentence.

The record confirms that Smith is in fact vaccinated. According to the medical records, Smith received the Pfizer COVID-19 Vaccine on July 21, 2021 (1 of 2 series) and August 13, 2021 (2 of 2 series). (ECF No. 210 at 161.) Once a vaccine is available to an inmate, compassionate release is generally not warranted. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("For the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (prisoners who have access to

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 10, 2023) (last visited 4/13/2023).

a vaccine cannot use the risk of COVID-19 to obtain compassionate release unless they can demonstrate that they are medically unable to receive or benefit from the available vaccines). The Seventh Circuit has continued to approve the denial of compassionate release motions based on the risk of COVID-19. *United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability 'to receive or benefit from a vaccine.'") (citation omitted). As new variants arise, a vaccinated prisoner must present individualized evidence of why his medical risks are extraordinary compared to the general population. *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022). Simply listing diagnoses is not sufficient. *Id.*

Smith tries to distinguish these cases by claiming that he "experienced severe symptoms" when he took the COVID-19 vaccine. (ECF No. 206 at 2.) But he does not state what those symptoms were and he presents no medical records documenting his claims. His bare assertions related to the vaccine certainly do not rise to the level of proving extraordinary and compelling reasons for a sentence reduction. Smith also argues that he refuses to take the COVID-19 booster shot and claims he "remains vulnerable to COVID-19 variants that have evolved." (*Id.*) The medical records reveal that Smith refused the Tdap vaccine on September 1, 2022 and also refused the Influenza vaccine on October 20, 2022. (ECF No. 210 at 163.) The CDC recommends one updated booster dose for everyone ages 5 years and older who completed their primary series. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html. According to the CDC, authorized and approved COVID-19 vaccines (primary series and booster) are safe and effective. (*Id.*) Given the availability of safe and effective vaccines, Smith does not present any medical evidence that he is unable to receive or benefit from those vaccines. The Seventh Circuit has held that inmates who decline vaccination cannot establish "extraordinary and compelling" reasons for release because "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *Broadfield*, 5 F.4th at 803. Smith's vaccine hesitancy is not a basis for a sentence reduction.

Smith further contends that he remains at risk as the pandemic continues to evolve, but he has not "establish[ed] that he is more at risk of an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022)*; Broadfield*, 5 F.4th at 803

(7th Cir. 2021) (observing that "published data" has indicated that vaccinated prisoners are not at a greater risk of COVID-19 than other vaccinated persons.); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (recognizing that after full vaccination, "both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced."). The Court declines to draw any medical conclusions without supporting medical evidence in the record. Smith's medical conditions appear to be well-controlled and managed at FCI Sandstone. And although Smith contends Pine County, Minnesota, where Sandstone is located, regularly ranks among the most COVID-19 infected counties in Minnesota with a low vaccination rate, Smith fails to show that he is particularly at risk in Sandstone. (ECF No. 206 at 2.) As of January 3, 2023, FCI Sandstone had no active cases of inmates testing positive for COVID-19 and only one COVID-19 related death; 487 inmates who tested positive for COVID-19 already recovered from COVID-19. (ECF No. 208 at 5.) FCI Sandstone has apparently been successful at limiting the spread of the virus and treating it when contracted by an inmate. Smith has not demonstrated that the situation at FCI Sandstone is materially worse than outside the confines of prison in the regular population.

In addition to his COVID-19 arguments, Smith also contends he should be released because of family needs. But these needs, whether considered separately or in conjunction with his COVID-19 arguments, do not satisfy the high standard for a compassionate release motion. Smith pleads a need to help care for his elderly mother. He also urges that his wife is having difficulty managing the family's assisted living facility business. Although the Court is sympathetic to the challenges and hardship Smith's family is facing while he is incarcerated, neither circumstance rises to the level of extraordinary and compelling, warranting his release. The "burden placed on a defendant's family by incarceration is not a reason to justify release." *United States v. Brown*, Nos. 02-CR-96-JPS, 01-CR-196-JPS-JPS, 2022 WL 17852031, at *5 (E.D. Wis. Dec. 22, 2022) (citation omitted).

### B. Smith Has Not Shown that a Reduction in his Sentence Would be Consistent with the Section 3553(a) Sentencing Factors.

Even if Smith's situation presented extraordinary and compelling circumstances, reducing his sentence would be inconsistent with the sentencing factors set forth in 18 U.S.C. §3553(a). Those factors include: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed to provide just punishment, deterrence, protection of the public, and correctional treatment; (3) the kinds of sentences available; (4) the sentencing guideline range; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to the victims of the offense. 18 U.S.C. §3553(a)(1)-(7).

The Court already considered these factors and explained how they applied to Smith when it sentenced Smith to a prison term of 57 months on June 2, 2021. (ECF No. 107-110.) That sentence already showed leniency; it was at the very bottom of the recommended guideline range (57-71 months). Smith contends that he should be released because he is "the only person from his case who remains in prison" and he is "remorseful." (ECF No. 206 at 4.) Smith was sentenced to the longest term of imprisonment as the leader and organizer of the scheme to defraud the bank. He filled out the applications and created fake tax forms. He participated throughout the extended time period of the scheme, never stopping until he was finally caught. Even then, he lied when questioned by a bank representative, created false documents to cover up the fraud, deleted emails and text messages, and encouraged others to similarly try to conceal the crime. Having recruited others into his scheme, he now also bears responsibility for those individuals now being convicted felons. Reducing his sentence would deprecate the seriousness of the offense and would not be in the interests of justice.

Accordingly,

**IT IS ORDERED** that defendant's motion to reduce sentence (ECF No. 206) is **DENIED**.

Dated at Milwaukee, Wisconsin on April 14, 2023.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge